IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20558
Summary Calendar
_____

ANTONIO C. WOODS,

                                        Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-779
- - - - - - - - - -

April 16, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

     Antonio C. Woods appeals the district court's dismissal of
his action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).
Although Woods styled his action as a petition for writ of habeas
corpus, 28 U.S.C. § 2254, he also sought relief pursuant to 42
U.S.C. § 1983, and the case was docketed as a civil rights case.

     In his complaint, Woods alleges a wide range of injuries
stemming from his alleged subjection to an electronic monitoring
system which operates through satellites and telemetry to track

---

     [*]  Pursuant to 5th Cir. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

him on a 24-hour a day basis.  Woods argues that this is a type
of community detention that is punishing him for an unspecified
conviction.  Woods contends that his conviction was
unconstitutionally obtained and that his sentence to the tracking
program is unjustified.  He also asserts that the tracking
program is part of a government conspiracy and that the people
operating it have interfered with his financial transactions and
mail.

To the extent that Woods' complaint may be read to state a
claim for habeas corpus relief and to the extent that the
district court treated it as such, the district court lacked
jurisdiction to entertain such a claim due to the absence of any
evidence that Woods had been convicted of a crime or was in
custody.  See Parker v. Fort Worth Police Dep't, 980 F.2d 1023
(5th Cir. 1993).  To the extent that Woods' complaint may be read
to state a claim under Section 1983, the district court did not
abuse its discretion in dismissing it as frivolous.  See
§ 1915(e)(2)(B)(i); Denton v. Hernandez, 504 U.S. 25, 31-33
(1992).

Therefore, the judgment of the district court is MODIFIED to
reflect that the court lacked jurisdiction to entertain any
claims for habeas corpus relief and to the extent that any such
claims were stated the dismissal is without prejudice, and the
district court's dismissal of Woods' remaining claims as
frivolous is AFFIRMED.

AFFIRMED; MOTION TO FILE A SUPPLEMENTAL BRIEF GRANTED.